UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS THORPE,

          Petitioner,

    v.                                  Case No. 19-cv-1222-JPG

ERIC WILLIAMS, Warden of FCI-Greenville,

          Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the Court for on the motion of respondent Eric Williams, Warden of FCI-Greenville, to dismiss this petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2241 (Doc. 15). Williams filed the motion to dismiss on October 23, 2020, and the Court allowed petitioner Thomas Thorpe until December 11, 2020, to respond (Doc. 17). The Court warned Thorpe that if he failed to respond by that deadline, pursuant to Local Rule 7.1(c), the Court could deem that failure as an admission of the merits of the motion to dismiss and would then likely grant the motion and dismiss the case. That order was returned to the Court as undeliverable since Thorpe was no longer at the institution listed on the docket sheet, the Federal Transfer Center in Oklahoma City (Doc. 18). The Court determined Thorpe's actual location (the United States Penitentiary in Pollock, Louisiana), changed his address in the file, resent the mail to Thorpe there, and extended his response deadline to January 8, 2021 (Doc. 19). It warned him again that if he failed to respond to the motion to dismiss, the Court might summarily dismiss his petition for failure to prosecute with no further warning. *See* Fed. R. Civ. P. 41(b).

Thorpe has not responded by the January 8, 2021, deadline. As it warned it would, the Court construes Thorpe's failure to respond as an expression of his lack of desire to prosecute

this case further, will grant the motion to dismiss, and will dismiss his petition.  This is particularly appropriate because, deeming all facts set forth in the motion as admitted, the motion has merit, and Thorpe's petition does not.

## I.    Background

In September 2014, Thorpe was charged in the United States District Court for the Western District of Missouri with one count of conspiracy to commit armed robbery affecting interstate commerce (that is, a Hobbs Act robbery) in violation of 18 U.S.C. § 1951 (Count 1), six counts of aiding and abetting a Hobbs Act robbery (Counts 2, 4, 6, 8, 10, & 12), five counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 3, 5, 7, 9, & 11), and one count of discharging a firearm during and in relation to a crime of violence—the robbery charged in Count 12—in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 13).  *See United States v. Thorpe*, No. 14-cr-265-RK (W.D. Mo.). Thorpe pled guilty to Counts 2, 4, 6, 8, 10, 12, & 13.  On February 2, 2017, the Court sentenced him to serve 120 months on the Hobbs Act counts and a consecutive 204 months on the firearm charge, for a total sentence of imprisonment of 324 months.

Thorpe filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on *Mathis v. United States*, 136 S. Ct. 2243 (2016), but the Court dismissed that motion twice for failure to prosecute, once in February 2019 and once again, after it was reopened, in April 2019.  *See Thorpe v. United States*, No. 18-1025-RK (W.D. Mo.).  Thorpe has now filed this motion under 28 U.S.C. § 2241 challenging the constitutionality of his confinement in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

On June 24, 2019, the Supreme Court decided *Davis*, which held that one of the provisions defining a "crime of violence" for the purposes of conviction for discharging a

firearm "during and in relation to a crime of violence," 18 U.S.C. § 924(c)(1)(A), was invalid

because it was unconstitutionally vague.  Specifically, the Court looked at the definition of

"crime of violence" in 18 U.S.C. § 924(c)(3):

> For purposes of this subsection the term "crime of violence" means an offense
> that is a felony and—
>> (A) has as an element the use, attempted use, or threatened use of physical
>> force against the person or property of another, or
>> (B) that by its nature, involves a substantial risk that physical force against
>> the person or property of another may be used in the course of committing
>> the offense,

and decided that clause (B), often referred to as the "residual clause," was unconstitutionally

vague and could not be used to define a "crime of violence" for § 924(c)(1)(A) purposes.  *Davis*,

139 S. Ct. at 2336.  The Court did not invalidate clause (A), referred to as the "elements clause,"

as a viable basis for finding a crime was a "crime of violence.

The *Davis* Court relied on its decisions in *Johnson v. United States*, 576 U.S. 591 (2015),

and *Sessions* v. *Dimaya*, 138 S. Ct. 1204 (2018), which found that similar "residual" clauses in

the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), and in one of the

definitions provisions of the criminal code, 18 U.S.C. § 16(b), respectively, were

unconstitutionally vague.  *Davis*, 139 S. Ct. at 2325-26.  This was because those residual clauses

required courts to use a form of the "categorical approach"—where a court disregards how a

defendant actually committed a prior crime and instead looks to an idealized "ordinary case" of

that crime—to determine whether it posed the kind of risk set forth in the residual clause.  *Id.* at

2326 (citing *Johnson*, 576 U.S. at 596; *Dimaya*, 138 S. Ct. at 1211-12).  That "judicial inquiry

produced 'more unpredictability and arbitrariness' when it comes to specifying unlawful conduct

than the Constitution allows."  *Davis*, 139 S. Ct. at 2326 (citing *Johnson*, 576 U.S. at 597-98).

The *Davis* Court rejected the notion that § 924(c)(3)(B) was saved from the unconstitutionality

found in the ACCA and § 16(b)'s residual clauses because it did *not* require the categorical approach and instead would allow a case-by-case inquiry into the specific facts of the case. *Davis*, 139 S. Ct. at 2327-33.  On the contrary, *Davis* held that the § 924(c)(3)(B) called for the categorical approach, and for the reasons set forth in *Johnson* and *Dimaya*, application of that approach renders the statute unconstitutionally vague.

Thorpe takes the position that, in light of *Davis*, his conviction on Count 13, discharging a firearm during and in relation to a crime of violence (the robbery charged in Count 12), is unconstitutional because 18 U.S.C. § 924(c)(3)(B), the "residual clause" is unconstitutionally vague.  The respondent claims that §2241 is not available to Thorpe and has asked the Court to dismiss Thorpe's petition for lack of jurisdiction.

## II.    Analysis

For the following reasons, the Court finds § 2241 is not available to Thorpe for this challenge to his confinement.  Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction.  *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).  However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention."  A § 2255 motion is "inadequate or ineffective" to raise a challenge if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).  This occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies

retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

Thorpe fails the *Davenport* test in two respects,  First, *Davis* is in its essence a constitutional decision, although it answers questions of statutory interpretation.  It is true that much of the decision involved the meaning of the residual clause, § 924(c)(3)(B), and the Supreme Court itself stated that "the real question before us turns out to be one of pure statutory interpretation," *Davis*, 139 S. Ct. at 2327.  "At bottom, though, *Davis* announced a constitutional decision.  The Supreme Court said as much, expressly 'agree[ing] with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague.'"  *Higgs v. Watson*, 984 F.3d 1235, 1240 (7th Cir. 2021) (citing *Davis*, 139 S. Ct. at 2336).  Because *Davis* is a constitutional decision, § 2255 is not "inadequate or ineffective to test the legality of his detention," and Thorpe challenge is not cognizable under § 2241 through § 2255(e)'s savings clause.  *See Higgs*, 984 F.3d at 1240.

Additionally, there could not have been a miscarriage of justice, the third *Davenport* requirement for access to § 2241 through the § 2255(e) savings clause.  If Thorpe had been convicted of Count 13 based on the Hobbs Act robbery in Count 12's being a "crime of violence" under the residual clause, that error would not have amounted to a miscarriage of justice because Count 12 is properly categorized as a crime of violence under the elements clause as well.  The elements clause defines a "crime of violence" to include a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  And a Hobbs Act robbery requires, in relevant part, "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury*,

*immediate or future, to his person or property*," 18 U.S.C. § 1951(b)(1) (emphasis added).  Thus, a defendant could not have committed a Hobbs Act robbery without using or threatening force, so that crime falls squarely within the elements clause of the "crime of violence" definition. *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir. 2017); *see United States v. Brown*, 973 F.3d 667, 697, (7th Cir. 2020), *cert. denied,* No. 20-6527, 2021 WL 161131 (U.S. Jan. 19, 2021). In Thorpe's case, any consideration that Count 12 was a "crime of violence" under the residual clause rather than the elements clause would not have been a grave enough error to be deemed a miscarriage of justice.

## III.  Conclusion

For the foregoing reasons, the Court **GRANTS** the respondent's motion to dismiss (Doc. 15), **DISMISSES** Thorpe's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed.

R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

2008).  It is not necessary for the petitioner to obtain a certificate of appealability from this

disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  April 7, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**